**BEN LOVEMAN** (SBN # 249970)
ATTORNEY AT LAW
Law Offices of Virender Kumar Goswami
870 Market St., Ste. 1028
San Francisco, California 94102
Tel: (415) 391-0228
Fax:(415) 288-0459

E-filing

FILED
MAY 27 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorney for Plaintiff
**SANTOSH LAMA**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANTOSH LAMA** | Civil Action No.: |
|     Plaintiff | |
| **v.** | CV 08 2635 |
| **ROBERT MUELLER III,** Director, Federal | **COMPLAINT FOR WRIT OF MANDAMUS** WDB |
| Bureau of Investigation; **JONATHAN** | |
| **SCHARFEN,** Acting Director, U.S. | |
| Citizenship and Immigration Services | USCIS No.: A 96 162 708 |
| (USCIS); **MICHAEL CHERTOFF,** | IMMIGRATION CASE |
| Secretary, Department of Homeland Security; | |
| **MICHAEL MUKASEY,** Attorney General, | |
| Department of Justice; **TERRY RICE,** San | |
| Francisco Field Office Director, USCIS; | |
| **EMILIA BARDINI,** Director, Asylum Office, | |
| San Francisco; | |
| | |
|     Defendants. | |

## INTRODUCTION

1.  This is an individual action for declaratory judgment, injunctive and mandamus relief, authorized under the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et. seq. This action is brought by Plaintiff to compel Defendants and those acting under them to take action on Plaintiff's Application for Asylum, Form I-589, as is required under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 et. seq. and applicable regulations, so that Plaintiff may finally receive a determination regarding his status.

2.  Plaintiff is eligible to have his Application adjudicated.

3.  Plaintiff filed his Asylum Application with the San Francisco Asylum Office of the legacy United States Immigration and Naturalization Service (now known as the United States Citizenship and Immigration Services "USCIS").

4.  Defendants have a statutory obligation to adjudicate this Application for Asylum, Form I-589, but have failed or have unreasonably delayed to adjudicate the Application for Asylum.

5.  Plaintiff and lawyers on his behalf have inquired and complained repeatedly to the defendants about the delays without any resolution.

## PARTIES

6.  Plaintiff, Santosh Lama, applied for asylum in December of 2002. His application for asylum is still currently pending at the Asylum Office in San Francisco.

7.  Defendant, Robert S. Mueller is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI"). He is responsible for conducting both criminal record checks and the National name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

8.  Defendant, Emilia Bardini is sued in her official capacity as the Director of the Asylum Office in San Francisco.

9.  Defendant, Jonathan Scharfen is sued in his official capacity as the Acting Director of USCIS, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-589 Applications for Asylum.

10.  Defendant, Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he is responsible for the administration and

enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a) , including the accurate, efficient, and secure processing of immigration benefits.

11.     Defendant, Michael Mukasey is sued in his official capacity as the Attorney General of the United States of America. In this capacity he is charged with the administration and enforcement of the immigration law, including security checks required to obtain an immigration benefit such as asylum. 8 U.S.C. § 1103(a).

12.     Defendant, Terry Rice is sued in his official capacity as the Field Office Director of the San Francisco USCIS District.

## JURISDICTION

13.     This court has jurisdiction over the present civil action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because Plaintiff's claim arises under United States law, and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty. This action challenges only the defendants' procedural policies, practices, and interpretations of law, not the granting or denial of individual applications. Therefore, the jurisdictional limitations of INA §242, 8 U.S.C. §1252 are not applicable.

14.     The aid of the court is invoked under 28 U.S.C. § 2201 and § 2202, authorizing declaratory judgment.

15.     Costs and Attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), et seq.

## VENUE

16.     28 U.S.C. § 1391(e) provides that in a civil action in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority or any agency of the United States, the action may be properly brought in any judicial district in which a defendant in the action resides or in any judicial district where a plaintiff resides where no real property is involved.  Plaintiff, Santosh Lama, is a resident of the Northern District of California and Defendant Emilia Bardini, Director, Asylum Office, San Francisco, is also a resident of the Northern District.

3

**EXHAUSTION OF REMEDIES**

17.    Plaintiff has exhausted his administrative remedies.  Plaintiff and his attorney have made numerous inquiries concerning the status of his I-589 application for asylum to no avail.  (See Exhibits).  Plaintiff has no other adequate remedy available for the harm he seeks to redress- the failure by Defendants to adjudicate his application for asylum in a timely manner.

**FACTUAL ALLEGATIONS**

18.    Plaintiff is a citizen of Nepal; he filed an application for asylum in the United States on 12/29/2002. Plaintiff's Alien Registration number is A 96 162 708. (See Exhibit ("Ex") A).

19.    Plaintiff was interviewed by an Asylum Officer at the San Francisco Asylum Office on 01/29/2003.  (See Ex. A).

20.    Plaintiff made numerous inquiries to the USCIS and San Francisco Asylum Office. Plaintiff also visited the San Francisco Asylum Office in person in an attempt to obtain information regarding the status of his application. He has been repeatedly told that his case is still pending.

21.    On October 18, 2004, Plaintiff inquired about the status of his asylum application with the San Francisco Asylum Office.  (See Ex. B).

22.    On November 2, 2004, Plaintiff received a reply from Defendant Emilia Bardini, Director, San Francisco Asylum Office stating that his application is pending and that when a decision is reached Plaintiff would be promptly notified.  (See Ex. B).

23.    On January 24, 2005, Plaintiff received a reply to his application status inquiry from Defendant Emilia Bardini, Director, San Francisco Asylum Office stating that his application is pending and that when a decision is reached Plaintiff would be promptly notified.  (See Ex. C).

24.    On October 31, 2005, Plaintiff received a reply to his application status inquiry from Defendant Emilia Bardini, Director, San Francisco Asylum Office stating that his application is pending and that when a decision is reached Plaintiff would be promptly notified.  (See Ex. D).

25.    On February 15, 2008, Plaintiff filed an Asylum Case Status Inquiry Form with the San Francisco Asylum Office, but did not receive a response to the inquiry. (See Exhibit A).

26.    On April 3, 2008, counsel for Plaintiff sent a letter via certified mail and a fax to Emilia Bardini, Director, San Francisco Asylum Office, regarding the status of Plaintiff's case and has not received a response.  (See Ex. E).

27.    It has now been over five and one half years since Plaintiff filed his Form I-589, Application for Asylum. Plaintiff has made numerous requests to determine the status of his application and the delay associated with its adjudication, but has yet to receive a reasonable response or explanation from any governmental agency to account for such a long delay.

## CLAIMS

28.    Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Plaintiff's Application for Asylum, Form I-589, thereby depriving Plaintiff of the benefits of becoming an asylee, or at least of having his application adjudicated under the law. By refusing to adjudicate Plaintiff's application Defendants have deprived Plaintiff of the opportunity to become a naturalized citizen of the United States and have deprived Plaintiff of the right to have his wife join him in the United States. Defendants have also deprived Plaintiff of the peace of mind to which he is entitled under the Immigration and Nationality Act.

29.    Plaintiff has a clear right under the INA to have his I-589 application for asylum adjudicated in a reasonable period of time by the Defendants. Specifically, INA § 208 (d)(5) (A)(iii) provides that, "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." Plaintiff filed his application for asylum in December of 2002. The 180 day period mandated by the statute passed five years ago, and the Defendants have not indicated any exceptional circumstances in Plaintiff's case to warrant such delay. Even if an exceptional circumstance existed in Plaintiff's case, five and one half years is so far beyond the time period contemplated by the statute that it would still be unreasonable. Plaintiff has been deprived of this clear right by the Defendants.

30.    Defendants have a clear duty under the Immigration and Nationality Act ("INA") Section 208 to adjudicate applications for asylum in a reasonably timely manner. Defendants have failed to perform their clear duty by refusing to adjudicate or unreasonably delaying the adjudication of Plaintiff's asylum application. The court may order the government defendants to adjudicate an application or petition where defendants have failed to take any action. *See, e.g.,* Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002) (court held that government defendants owed a duty to adjudicate applications under the diversity lottery program); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997) (court held that government defendants owed a duty to adjudicate visa

applications); <u>Ibrahim v. Chertoff</u>, 2007 U.S. Dist. LEXIS 38352 (9th Cir. 2007) (court held that government defendants have a mandatory duty to act on plaintiff's change of status application).

31.      Defendants owe a duty to adjudicate Plaintiff's application for asylum in a timely manner under the Administrative Procedures Act. Under 5 U.S.C. §555(b), any agency charged with processing plaintiff's asylum application, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time…shall proceed to conclude a matter presented to it." Plaintiff's application has been pending for five and one half years without conclusion, far exceeding what is considered a reasonable time.

32.      Defendants' practices, policies, conduct, and failures to act as to Plaintiff's asylum application, violate the Administrative Procedures Act, 5 U.S.C. §§ 702 and 706, because agency action is unlawfully withheld or unreasonable delayed under §706(1).

33.      Plaintiff has exhausted all administrative remedies that may exist.

34.      Strong humanitarian factors genuinely exist in this case. Plaintiff's family remains in Nepal under threat by the same forces that forced Plaintiff to flee Nepal in the first place. Plaintiff worries constantly about the safety of his family in Nepal. It has been several years since Plaintiff has been able to see his family because he cannot safely return to Nepal, and unless his application for asylum is adjudicated he cannot bring his family to the United States.

**35.      Wherefore, Plaintiff prays that the Court:**

(1)      Assumes jurisdiction of this case.

(2)      Compels Defendants and those acting under them to perform their duty to adjudicate Plaintiff's application for asylum Form I-589.

(3)      Grants such other and further relief as this Court deems proper under the circumstances; and

(4)      Grants Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

1  Respectfully submitted this 23rd day of May, 2008

2

3

4  _____

Ben Loveman, Esq.

5     Law Offices of Virender Kumar Goswami

     Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# SAN FRANCISCO ASYLUM CASE STATUS INQUIRY FORM

*INS ASYLUM OFFICE*
*P.O. BOX 77530*
*SAN FRANCISCO, CA 94107*

DATE: **FEB 1 5 2008**

# 13

1. File number: A- 96/62708

2. Last Name(s) of Applicant: LAMA

3. First Name of Applicant: SANTOSH

4. Date and Place of Birth: 08/30/78   NEPAL

5. Country of Birth: NEPAL

6. Current Address: 415 GONES ST # 104
SAN FRANCISCO, CA - 94102

7. Applicant's Phone No.: (415) 2020843

8. I-589 Filed:    Date: 12/29/02   Location: NEBRASKA

9. Interview Conducted:    [ ] NO    [✓] YES    Date of Interview: 1/29/03

Location of Interview: SF Asylum Office

Interviewing Officer: C. ROVE

10. Re-interview Conducted:    [✓] NO    [ ] YES    Date of Interview:

Location of Interview:

Interviewing Officer:

11. I am the    [✓] Applicant    *(GO TO ITEM 12)*

[ ] Authorized Representative *(G-28 on file or attached)*

Name and Address:

Telephone:

*2008 FEB 15  A 9: 52*

12. Nature of Inquiry: CASE STATUS CHECK

13. Response *(if not attached or supplied by phone):* If no response by mid-April 2008, please return to inquire again.
R. Garnett 870

Only completed written inquiries will be accepted. Mail your inquiry to the post office box address shown above. Please attach copies of any correspondence between you and the INS regarding your asylum application. Attach additional sheets as necessary to fully explain your case.

# EXHIBIT B



**U.S. Department of Justice**

Immigration and Naturalization Service
San Francisco Asylum Office
PO Box 77530
San Francisco, CA 94107

Name:  **LAMA, SANTOSH**                    File #:    **A  96 162 708**

### Decision Regarding your Application For Asylum

You have just completed your interview with an Asylum Officer.  **You must appear in person at this office** on the date and time indicated below to receive the Asylum Officer's decision on your application. All family members listed on your Form I-589, Application for Asylum and for Withholding of Deportation, who are 14 years of age or older, must appear with you when you return to receive the decision on your application. Family members who are under the age of 14 need not appear.

You will not be informed of the decision before that time. When you come back to pick up your decision, please bring this Notice and a form of identification, if available.

If you used the services of a translator during today's asylum interview, we suggest that you return with a translator. This translator may be helpful if you have questions about your application at that time.

Your signature below establishes that you received this Notice and that this Notice was explained to you at the asylum interview.

Appear at this office on:    **WEDNESDAY, FEBRUARY 12, 2003 AT 1:00 P.M.**

Applicant's signature:

Officer's signature:

**Employment Authorization:  If your asylum application was filed on or after January 4, 1995, failure to appear on the date above to pick up your decision will affect your eligibility to apply for employment authorization under 8CFR 208.7(a)(1). An asylum applicant may request employment authorization by applying 150 days after a complete asylum application is filed.    This 150-day period will be suspended if you fail to appear on the asylum date to pick up your decision. If your case is referred to an immigration judge, the 150-day period will not resume until you appear before the immigration judge.**

# EXHIBIT C

**U.S. Department of Homeland Security**

Citizenship & Immigration Services
San Francisco Asylum Office
P.O. Box 77530
San Francisco, CA  94107

---

Emilia Bardini, Director

November 2, 2004

Santosh Lama
1682 Clayton Road #26
Concord, CA  94520

Re:  A96162708

Dear Mr. Singh:

This refers to your inquiry dated October 18, 2004 regarding the asylum application of the person named above and any family member(s) included in the case.

Your asylum application is pending review with the National Security unity.  It is not possible to project with any certainty when the National Security Unit will release this case.  When a decision is reached you will be promptly notified.

Sincerely,

Michelle Henderson

(For), Emilia Bardini
San Francisco Asylum Office Director

# EXHIBIT D

**U.S. Department of Homeland Security**

Citizenship & Immigration Services
San Francisco Asylum Office
P.O. Box 77530
San Francisco, CA 94107

---

Emilia Bardini, Director

January 24, 2005

Santos Lama
1682 Clayton Road #26
Concord, CA 94520

Re: A96 162 708

Dear Mr. Lama:

This refers to your inquiry regarding your asylum application and any family member(s) included in the case.

Your asylum application is pending review with the Security Unit. It is not possible to project with any certainty when the Security Unit will release this case. When a decision is reached you will be promptly notified.

Sincerely,

Michelle Henderson

For Emilia Bardini
San Francisco Asylum Director

# EXHIBIT E

**U.S. Department of Homeland Security**

Citizenship & Immigration Services
San Francisco Asylum Office
P.O. Box 77530
San Francisco, CA  94107

Emilia Bardini, Director

October 31, 2005

Santos Lama
1682 Clayton Road #26
Concord, CA  94520

Re:  A96 162 708

Dear Mr. Lama:

This refers to your inquiry regarding your asylum application and any family member(s) included in the case.

Your asylum application is pending review with the Security Unit.  It is not possible to project with any certainty when the Security Unit will release this case.  When a decision is reached you will be promptly notified.

Sincerely,

For Emilia Bardini
San Francisco Asylum Director

# EXHIBIT F



UNITED STATES POSTAGE

PITNEY BOWES
$ 005.210
02 1P
0003843164  APR 08 2008
MAILED FROM ZIP CODE 94102

Law Office of Virender Goswami
870 Market Street, #1028
San Francisco, CA 94102

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7007 2560 0001 1020 8238
7007 2560 0001 1020 8238

Ms. Emilla Bardini, Director
San Francisco Asylum Office
U.S. Department of Homeland Security
P.O. Box 77530
San Francisco, CA 94107

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | 9265 |
| Return Receipt Fee (Endorsement Required) | 92.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $  6.21 |

Sent To  Ms. Emilla Barotroi, Director , San
Street, Apt. No.; or PO Box No.  Francisco Asylum office , U.S
City, State, ZIP+4  Deportment of Homeland security P.O. Box

PS Form 3800, August 2006                    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Emilia Bardini, Director
San Francisco Asylum Office
U.S. Department of Homeland
Security
P.O. Box 97636
San Francisco, CA 94107

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7007 2560 0001 1020 8238

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Serv...

*Important Reminders:*
- Certified Mail may ONLY be combined with...
- Certified Mail is *not* available for any class o...
- NO INSURANCE COVERAGE IS PROVI... valuables, please consider insured or Regist...
- For an additional fee, a *Return Receipt* may... delivery. To obtain Return Receipt service, ple... Receipt (PS Form 3811) to the article and ad... fee. Endorse mailpiece "Return Receipt Requ... a duplicate return receipt, a USPS® postmar... required.
- For an additional fee, delivery may be... addressee's authorized agent. Advise the cle... endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is... cle at the post office for postmarking. If a... receipt is not needed, detach and affix label...

**IMPORTANT: Save this receipt and present...**
PS Form 3800, August 2006 (Reverse) PSN 7530-02-0...

Law Office of
## *Virender Kumar Goswami*

870 Market Street Suite 1028                              Phone: (415) 391-0228
San Francisco, California 94102                           FAX: (415) 288-0459

April 3, 2008

Emilia Bardini
Director, San Francisco Asylum Office
U.S. Department of Homeland Security
P.O. Box 77530
San Francisco, CA 94107

**RE:**  **Santosh Lama  A# 96-162-708**
***Status Request on asylum application/notification of intent to file civil suit to compel
adjudication***

Dear Ms. Bardini,

My name is Ben Loveman (SBN 249970), and I am an attorney with the Law
Office of Virender Kumar Goswami. Our office represents Santosh Lama (A# 96-162-
708). This letter is a request for information regarding the status of an asylum application
filed on December 29, 2002, by Mr. Lama.

Mr. Lama has made multiple attempts to garner information regarding the status
of his case. Such attempts by Mr. Lama include several written inquiries to the Asylum
Office and the filing of an official Asylum Case Status Inquiry Form.

Please respond with any information you have regarding the status of Mr. Lama's
case. Please be aware that Mr. Lama intends to file civil suit to compel adjudication of
his application if action is not promptly taken on his application. Thank you for your
assistance in this matter.

Sincerely,

Ben Loveman
Attorney for Applicant

870 MARKET STREET, SUITE 1028 • SAN FRANCISCO, CA • 94102
PHONE: (415) 391-0228
FAX: (415) 288-0459

# <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, declare under penalty of perjury that the following is true and correct. I am over the age of 18 years and am not a party to the action referenced in the foregoing letter. My business address is 870 Market Street, Suite 1028, San Francisco, California 94102. On May 22, 2008, I served copies of the foregoing documents in said action by certified mail upon:

Mr. Terry Rice
Director, USCIS San Francisco Field Office
444 Washington Street
San Francisco, CA 94111

Mr. Michael Mukasey
Attorney General of the United States
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Mr. Jonathan Scharfen
Acting Director, U.S. Customs and Immigration Services
20 Massachusetts Avenue NW
Washington, DC 20536

Mr. Michael Chertoff, Secretary
U.S. Department of Homeland Security
245 Murray Lane #410, SW
Washington, DC 20528-0300

Ms. Emilia Bardini
Director, San Francisco Asylum Office
75 Hawthorne Street #303
San Francisco, CA 94105

Robert Mueller III
Director, Federal Bureau of Investigation
J Edgar Hoover Building
935 Pennsylvania Ave, NW
Washington, DC 20535-0001

Joseph P. Russoniello, United States Attorney
Attn: Civil Service Clerk
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102

Executed on May 22, 2008 in San Francisco, California.

Ben Loveman, Esq.
Law Office of Virender Kumar Goswami
870 Market Street, Suite 1028
San Francisco, CA 94102